case number 20-3025 et al. United States of America v. Arnold Jackson appellant. Ms. Hernandez for the appellant. Mr. Lenners for the appellate. Good morning, Ms. Hernandez. Good morning, your honors. May it please the court. My name is Carmen Hernandez. I've been appointed to represent Arnold Jackson, who pleaded guilty below before a district court judge to distribution of drugs. There are two issues or there are three separate cases. One is a direct appeal of his sentence. And then there was an I filed on his behalf a motion for compassionate release. And a year later he filed a second motion for compassionate release pro se. On the direct appeal. There's really only a single issue and that was whether the court erred in imposing a sentence consecutive to a yet to be imposed sentence in the Western District of Virginia for supervised release violation. Was that raised with the district court. I requested I represented him below. I requested the judge to impose a sentence concurrently. I did not. And he and the judge denied it and post sentence consecutively. So is this subject to plain error review or ordinary review the government argues that it's subject to plain error review, I would. Mr. Jackson argues that it's should be reviewed de novo because it is an analysis of 18 USC 3584, which provides that a court may impose a federal court may impose a sentence concurrently or consecutively. It with respect to appendix, with respect to a sentence that has already been imposed, that would make it perhaps error, but what I'm wondering is, is it a plain error review, but I did not raise the 3584. I did not mention 3584 when I asked the court to impose a sentence. So to that extent. So to that extent, Your Honor, if that's what the court is getting at yes that that particular the provision 3584 was not addressed to the district court at all. The argument nonetheless is that the statute is clear. I think there's three circuits that have held that federal court cannot impose a sentence consecutively to one to another federal sentence that has yet to be imposed. Ms. Hernandez, is there anything to the argument that to the extent that there was error, it was almost invited by your argument that the district court should run the sentences concurrently. It seems to me an argument that a district court should exercise its discretion to run a sentence concurrently implies that the district court has the authority to run it consecutively. Your Honor, I would say no. The analysis is the court can do whatever it wants with its own sentence. That is, if it runs a concurrent then it's only controlling his sentence, the sentence that Judge McFadden imposed, whereas if it runs it consecutively, it impinges on the right of the second judge who is yet to impose a sentence. The argument is no, that there's a difference between running a sentence concurrently versus consecutively. I know it's almost a little bit counterintuitive. The court's question, if you have the authority to run it concurrently, why not consecutively, but the analysis is that you're then impinging on the second court and you also don't have all the 3553A factors at your disposal. With respect to the concurrent, how do we get around the waiver? So the argument is, Your Honor, that the Appeal Waiver Rule 11B1N requires the district court to address the defendant and discuss the appeal waiver. In this case, the appeal waiver, the address, Judge McFadden only referred to, he was waiving his right to appeal the conviction and never addressed the sentence, how it was imposed. Also, unfortunately, the appeal waiver was a standard appeal waiver and we had a C plea in this case. A C plea is a type of plea where the parties agree on a disposition and the court can either accept the plea and impose that sentence or can reject the plea. And the appeal waiver really was not adequately addressed, adequately directed at a C plea. And when the court asked Mr. Jackson's counsel to address the appeal, first the court addressed and said only the conviction is what's waived by the appeal. And then when asked counsel to address that, I truncated my sentence because as I read the appeal waiver, it was inconsistent with the C plea. So my addition, neither my addition or the prosecutor's statements with respect to appeal waiver clarified whatever lack of clarity was in the district court's discussion of the appeal waiver. And this court in other instances has held where the appeal waiver is not precise, then it doesn't waive the appeal. I was going to ask, Mr. Hernandez, maybe I misunderstood. Did you say that the district judge said the appeal waiver only applies to the conviction or is it just that the district court didn't expressly say that it would also apply to the sentence? I guess it's a little bit of both. When he addressed the appeal waiver, he said this waiver, you're waiving your right to appeal the conviction. That was the way he explained the appeal waiver. He never gave any further explanation. And 11B1N really required him to be more ample. And often, as the district court did in this case, they asked the parties, the counsel for either side to go on and further explain. In this instance, neither counsel, neither the government nor me, nor I really clarified that it applied, that it was a more ample waiver. I wanted to go on to the compassionate release issues. So on his behalf, right after sentencing, I filed a motion for compassionate release. And then a year after the judgment, once he was transferred to the Bureau of Prisons, Mr. Jackson, pro se, filed a motion for compassionate release. He also filed, or his attorney, a federal public defender in the Western District of Virginia, had also filed a compassionate release motion right after he was sentenced on his violation of supervised release, which took place shortly after the initial sentence in this case. That judge, the chief judge in the Western District of Virginia, granted compassionate release. Judge McFadden denied it. So you have these two conflicting decisions. To begin with, nobody, I think all courts, all the district courts have acknowledged that Mr. Jackson suffers from, is a high-risk individual in terms of COVID, type 2 diabetes, asthma, sleep apnea, and obesity. The only issue for Judge McFadden is whether, and he found it both in the original compassionate release motion and the second one, the issue was whether Mr., I think I'm running into my rebuttal time, but the only issue is whether Judge McFadden found that he's a risk of dangerousness because he had a prior conviction, a fairly serious conviction about over 10 years ago. He was found to be a leader and organizer in that conviction, but the current conviction was a small street-level drug trafficking offense. He tried to cooperate. There were some problems with the cooperation, not from his part, but from the prosecutor's side. And under Munchell, under this court's Munchell opinion, the court really should look not just at, should look at the dangerousness with respect to the current situation, should look at the nature of the threat and the resources and capabilities of the defendant. And I would submit to the court that that's not what Judge McFadden did. He really kept on looking backwards to who this person was rather than currently. The argument is he could be held in home incarceration 24-7 with electronic home monitoring at his mother's home, and that he applied dangerousness improperly, and therefore he was peered in his compassionate release decision. Thank you, Your Honors. My colleagues have any further questions? We'll hear from Mr. Lenners. Thank you, Your Honor. Good morning, and may it please the court, Dan Lenners for the United States. The only issue properly before the court in this appeal is the trial court's denial of Mr. Jackson's first compassionate release motion. Nothing that the defendant has argued on appeal establishes that the district court abused its broad discretion in denying that motion. As for the sentencing appeal, that is waived by the plea agreement, and if not, should be reviewed for plain error. As to the waiver, I would just like to clarify the record. The district court went through the standard plea colloquy with the defendant, during which it described the fact that by pleading guilty, he was giving up his right to appeal his conviction, and that there would be no trial. That's on page 36 of the joint appendix. That was not a discussion of the plea agreement or the waiver provision in the plea agreement. It was just the standard plea colloquy language that by pleading guilty, you have no trial and no appeal. Later during the plea colloquy, the district court asked Mr. Hernandez, or the parties, to describe the plea agreement, and Ms. Hernandez described, among other things, the appeal waiver, in which she correctly noted that the defendant waived his right to appeal unless the sentence was above the statutory maximum or above the guidelines calculated by the court. That is accurate. Neither of those things is at issue here, and thus this court's decision in Han Lee, which makes clear that even if the district court itself does not discuss the appeal waiver, the record as a whole can make clear that the defendant knowingly, voluntarily, and intelligently waived his right to appeal applies here, and thus any error was harmless as to the district court's failure itself to describe the appeal waiver and the plea agreement. If this court disagreed and believed that somehow the waiver did not cover the situation, it should review for plain error the argument on appeal that the district court lacked any legal authority to impose a consecutive sentence in anticipation of the sentence the defendant would receive for his violation of supervised release. As this court made clear in Abney, there are circumstances in which requesting action by the district court does not appropriately preserve an objection to the district court taking a different action, that it's a context-specific analysis, and you look at the context to understand whether the defendant was making clear to the district court that he was arguing, preserving an objection to an alternative course of action. As Judge Walker noted, although we don't make an invited error argument, it has that feel here that by asking the district court to recommend a concurrent sentence, the defendant almost invited the error when the district court determined otherwise. If the defense attorney is unsure as to whether the judge has authority to enter the consecutive sentence, wouldn't it have been very appropriate to go ahead and ask for concurrence, just in case? I don't believe, I think if the judge has no authority, or if the defense attorney is unclear, it should be reserved for the second judge. And so the defense attorney would be better off saying nothing. Have you ever been a defense attorney? No, Your Honor. I cannot imagine not asking for a concurrent sentence if there were even a remote possibility of a judge entering something other than a concurrent sentence. I don't see how that in any way implies that you're conceding the authority of the judge to issue the consecutive sentence. As I said, Your Honor, we're not making an invited error argument here. However, nothing that the defense counsel did alerted the judge to the argument on appeal. Right. It is plain error based on that. But the notion that I'm having a little trouble with the notion that by asking for concurrence, you're conceding the authority of the judge to go consecutive. That doesn't seem to fit in. It seems like a round pig in a square hole. Yes, Your Honor. We're not making an invited error argument. We are arguing that it's waived, if not waived. When I asked about the compassionate release notion, and in particular the first one, I think that your briefs suggest the standard of review may be abuse of discretion. I'm wondering why it's not plain error review for this reason. The defense attorney here, like many defense attorneys and like many district judges at the time that this all happened, did not suggest that the policy statement pre-Criminal Justice Reform, pre-First Step Act, did not suggest that that policy statement no longer applies. And so if we're reviewing the question of whether the policy statement does or does not apply with regard to that first compassionate release motion, shouldn't we review that under plain error review? I believe this court's decision in Long rejects or effectively decides the issue, Your Honor. In Long, the court found that the district court had improperly applied the policy statement and then reviewed the case for an abuse of discretion, and it discussed that standard and why it's appropriate. Even if plain error applied, Your Honor, the government would concede that any error in applying the policy statement was plain because this court's review for plain errors at the time of appeal, not at the time the district court acted. And so we would concede that any error in applying the policy statement was error and is plain as of today. In any event, any error is harmless, whether it's an abuse of discretion standard, plain error, or preserved error, because the district court made clear, first, that it considered Mr. Jackson's health conditions to be potentially extraordinary circumstances, notwithstanding the policy statement. And second, that it considered Mr. Jackson's dangerousness as one of the 3553A factors, which it identified as a sufficient independent basis for denying compassionate release. And so it did not, as the district court in Long had, solely rely on the dangerousness part of the policy statement to reject the compassionate release motion, and thus there is no long error here, regardless of the standard of review. There are no further questions. We would ask that the judgments of the district court be affirmed. Walker, Justice Mantel, any further questions? Thank you. We'll give you an additional two minutes. Thank you, Your Honor. On the waiver issue, Rule 11 explicitly provides that a district court must address the 11B1N, requires the district court to address the defendant and inform him, quote, of the terms of any plea agreement provision waiving the right to appeal or to collaterally attack the sentence. So the discussion that the district judge had with the defendant was not some regular plea colloquy, as the government argues. It is part of the requirement of Rule 11 that he address the defendant on this issue. And so the argument is, by failing to properly discuss the extent of the appeal waiver, and I don't think the appeal waiver addresses this issue, whether a sentence should be collateral or consecutive, only the appeal waiver in the plea agreement address the term and the manner in which it's imposed. And both those phrases are terms of art, which have been defined by this court and the Supreme Court and don't apply to whether a sentence is concurrent or consecutive. With respect to dangerousness, the district court's decision on dangerousness is inconsistent with this court's opinion in Munchell, with the pretrial release decision in Munchell, which addresses the nature, how a district court is supposed to consider dangerousness when it's looking at a defendant. And in this case, the district court is looking backwards and not looking forward to what exactly the defendant can do if he were to be released. And also, the district court didn't take into account post-defense rehabilitation, his attempts, his drug, he has been drug free for two years, and that had been one of the factors that had propelled him to deal drugs again. Thank you, Your Honors. Thank you. The case is submitted. Thank you.
judges: Rao, Walker, Sentelle